UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LYNN HAMILTON, INDIVIDUALLY | CIVIL ACTION NO. 6:12-cv-01181 |
| VERSUS | JUDGE HAIK |
| LEIF MECHE, JAYSON DEVILLE, NICHOLAS BROUSSARD, AND CITY OF RAYNE | MAGISTRATE JUDGE HANNA |

### ORDER REQUIRING RULE 7(a) REPLY

When an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). In this case, the defendants' answer asserts a qualified immunity defense. (Rec. Doc. 7 at 10). As suggested in *Schultea*, this Court will require the plaintiff to file a reply to the defendants' answer, pursuant to Rule 7(a) of the Federal Rules of Civil Procedure. Accordingly,

IT IS HEREBY ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a reply to the qualified immunity defense pleaded by the defendants. The reply must allege with specificity the constitutional rights that were violated, the facts that support these allegations, the persons involved in these

alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.

IT IS FURTHER ORDERED that the defendants shall not file any response to plaintiff's reply; any response filed will be disregarded.

The purpose of this order is to determine whether discovery should be banned or limited pending the filing by the defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment. This process does not absolve the defendants from filing a timely motion to dismiss or a motion for summary judgment on the qualified immunity issue.[1]

Signed at Lafayette, Louisiana on this 19th day of June 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[1] "The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." *Schultea*, 47 F.3d at 1434.