UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LYNN HAMILTON, INDIVIDUALLY | CIVIL ACTION NO. 6:12-cv-01181 |
| VERSUS | JUDGE HAIK |
| LEIF MECHE, JAYSON DEVILLE, NICHOLAS BROUSSARD, AND CITY OF RAYNE | MAGISTRATE JUDGE HANNA |

## ORDER

The plaintiffs in this lawsuit assert state law tort claims and claims arising under 42 U.S.C. § 1983 based upon an allegedly improper and unconstitutional high speed chase that resulted in a motor vehicle accident in which Aaron Hamilton was fatally injured. The defendants are the City of Rayne and three officers with the Rayne city police department: Leif Meche, Jayson Deville, and Nicholas Broussard. The individual defendants asserted qualified immunity as a defense against the plaintiffs' claims. (Rec. Doc. 7 at 10).

Currently before the court is the Fed.R.Civ.P. 7(a) reply (Rec. Doc. 13), which the plaintiffs filed at the court's direction (Rec. Doc. 11). Although the undersigned is perplexed to the extent that the plaintiffs' reply does not precisely set forth what each individual defendant is alleged to have done on the evening in question, what the "generally accepted police guidelines" referred to by the plaintiffs in their reply

might be (Rec. Doc. 13 at 4), or how the individual defendants in this lawsuit actually deviated from those guidelines on the evening in question, the undersigned finds that the plaintiffs' pleadings assert facts that raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts.

The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit.[1] Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.[2] A qualified immunity defense is analyzed under a two-step process. First, the court determines whether the plaintiff has alleged the violation of a clearly established constitutional right under currently applicable constitutional standards; then, if so, the court considers whether the defendant's conduct was nevertheless objectively reasonable.[3]

---

[1] *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985).

[2] *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 532–33 (5th Cir. 1997) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[3] *Id.* at 533.

The Fifth Circuit has long held that the assertion of qualified immunity shields government officials from *some* discovery.[4] In *Schultea v. Wood*,[5] the Fifth Circuit considered in detail the interworkings of pleading, the discovery process, and public officials' assertion of the qualified immunity defense and confirmed that qualified immunity places limits upon a plaintiff's access to the discovery process and imposes pleading requirements stemming from Fed.R.Civ.P. 7(a). The *Schultea* court held that when a plaintiff asserts a Section 1983 claim against a public official who asserts qualified immunity,

> [T]he court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.[6]

---

[4]  *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

[5]  47 F.3d 1427, 1432 (5th Cir. 1995) (*en banc*).

[6]  *Schultea*, 47 F.3d at 1433–34 (emphasis added).

Thus, "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.' "[7]

As outlined above, determination of the qualified immunity issue requires evaluation of (1) whether the plaintiffs have alleged a violation of a clearly established constitutional right under currently applicable constitutional standards, and (2) if so, whether the defendant's conduct was nevertheless objectively reasonable.  Both of these prongs of the qualified immunity analysis require precise pleading and discovery concerning the precise conduct alleged to constitute the constitutional violation and/or the allegedly objectively reasonable conduct.

Applying *Schultea*, therefore,

IT IS ORDERED that discovery in this action is limited, at the current time, to that which is necessary to address qualified immunity.

Furthermore, to assure that the qualified immunity issue can be expeditiously addressed in the manner contemplated by *Schultea*,

IT IS FURTHER ORDERED that:

---

[7]     *Vander Zee*, 73 F.3d at 1368–69 (quoting *Wicks v. Mississippi State Employment Serv.*, 41 F.3d 991, 994 & n. 10 (5th Cir. 1995)).

(1)  Not later than September 30, 2012, the plaintiffs must supplement their reply pursuant to Fed.R.Civ.P. 7(a) to defendants' qualified immunity defense, specifying the precise conduct of each individual defendant and the corresponding constitutional violations arising from that conduct upon which they base their Section 1983 claims.

(2)  Not later than October 15, 2012, defendants must file their motion for summary judgment based upon qualified immunity.

(3)  Discovery may proceed insofar as it relates only to the qualified immunity issue. All other discovery is stayed until such time as defendants' qualified immunity motion is determined by the Court. However, if defendants fail to file their qualified immunity motion by October 15, 2012, the partial stay of discovery contained herein is automatically lifted without further order of the Court.

Signed at Lafayette, Louisiana on this 30th day of August 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE